UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-21364-CIV-MARTINEZ

CHANEL, INC.,

      Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff's Motion for Entry of Preliminary Injunction. ECF No. 26.[1] Plaintiff seeks the entry of a preliminary injunction, including the entry of an order restraining assets, against Defendants HAAOY, WINHI, Yiquanzhi, TwoTowers, Qualis Bona, and ALYSHEV (collectively, "Defendants"),[2] based on alleged trademark infringement, pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651(a), and the Court's inherent authority. *See* ECF No. 26 at 1.

The Court held a hearing on November 17, 2025, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion. Defendants have not responded to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel. Having reviewed Plaintiff's motion, the

---

[1] The Honorable Jose E. Martinez referred Plaintiff's Motion for Preliminary Injunction to the undersigned. ECF No. 28.

[2] The Defendants are referred to in the Amended Complaint as the Partnerships and Unincorporated Associations Identified on Schedule A. ECF No. 21. In light of Plaintiff's voluntary dismissal of one of the original defendants, "fairgreat," *see* ECF Nos. 22, 29, an updated version of Schedule A is attached hereto, and can also be found on the court docket, including at ECF No. 26 at 18.

pertinent portions of the record, the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 26, be **GRANTED**.

## I.  FACTUAL BACKGROUND

Plaintiff is the owner of the federally registered trademarks (the "Chanel Trademarks") identified in Paragraph 4 of the Declaration of Elizabeth Han.  ECF No. 14-1 at ¶ 4; *see also* ECF No. 21-1.  The Chanel Trademarks are registered with the United States Patent and Trademark Office, *see* ECF No. 14-1 at ¶ 4; ECF No. 21-1, and are used in connection with the manufacture, promotion, distribution, and sale of high-quality goods in the categories identified in the trademark registrations, including certain perfumes sold by Plaintiff (the "Chanel Perfumes") that are identified in Paragraph 6 of the Declaration of Elizabeth Han.  *See* ECF No. 14-1 at ¶¶ 4-6.

Defendants, operating under the e-commerce store names identified on Schedule A (the "E-Commerce Store Names") through the Amazon.com third-party e-commerce platform,[3] have advertised, promoted, offered for sale, and sold fragrance products bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Trademarks (the "Counterfeit Products").  *See* ECF No. 14-1 at ¶¶ 10, 12-16; ECF No. 14-4 at ¶ 4.

Plaintiff has submitted sufficient evidence showing that each Defendant has infringed at least one of the Chanel Trademarks.  *See* ECF No. 14-5; ECF No. 14-2; *see also* ECF No. 14-4 at ¶¶ 4-5.  Defendants are not licensed or authorized to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Chanel Trademarks.  *See* ECF No. 14-1 at ¶¶ 10, 14, 16.  Plaintiff's counsel retained AED Investigations, Inc. ("AED"), a licensed private

---

[3] The Amazon e-commerce store number corresponding to the e-commerce store for each Defendant is also listed on Schedule A under the Amazon E-commerce Store Number heading.  *See, e.g.*, ECF No. 26 at 18.

investigative firm, to investigate the promotion and sale of the Counterfeit Products by Defendants and to document the available payment account data for receipt of funds paid to Defendants for those products. *See* ECF No. 14-1 at ¶ 11; ECF No. 14-3 at ¶ 2; ECF No. 14-4 at ¶ 3. AED accessed each of the e-commerce stores operated under each Defendant's E-Commerce Store Name; placed an order from each Defendant for the purchase of one of the Counterfeit Products, each bearing and/or using counterfeits of at least one of the Chanel Trademarks; and requested that each product be shipped to the Southern District of Florida. ECF No. 14-4 at ¶ 4. At the conclusion of the investigation, Plaintiff's representative reviewed and analyzed physical evidence, photographs of the evidence received from each Defendant, and detailed web page captures of the fragrance products offered for sale and purchased via each Defendant's E-Commerce Store Name and determined that each of those fragrance products was a non-genuine, unauthorized version of Plaintiff's Chanel Perfumes. *See* ECF No. 14-1 at ¶¶ 12-16; *see also* ECF No. 14-4 at ¶¶ 4-5; ECF No. 14-5.

On March 25, 2025, Plaintiff filed a Complaint against Defendants for trademark counterfeiting and infringement, in violation of 15 U.S.C. § 1114 (Count I); false designation of origin, in violation of 15 U.S.C. § 1125(a) (Count II); common law unfair competition (Count III); and common law trademark infringement (Count IV). ECF No. 1. On June 20, 2025, Plaintiff filed an Amended *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, ECF No. 14, and an Amended *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants, ECF No. 15. On October 29, 2025, the Court entered an Order Authorizing Alternate Service of Process on Defendants, ECF No. 17, and an Order Granting Plaintiff's Amended *Ex Parte* Application for Entry of Temporary Restraining Order, ECF No. 18. On November 3, 2025, Plaintiff filed an Amended Complaint asserting the same four claims against Defendants. ECF No. 21.

Pursuant to the October 29 Orders, Plaintiff served each Defendant—through Plaintiff's designated serving notice website and via email or the onsite contact form or e-commerce marketplace platform for each Defendant's e-commerce store—with a copy of the Complaint, the Amended Complaint, the Order Granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, and other filings in this matter.  *See* ECF Nos. 23-1, 24.  Plaintiff subsequently served each Defendant with a copy of Plaintiff's Motion for Entry of Preliminary Injunction, *see* ECF No. 26 at 19, and the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule, *see* ECF Nos. 30, 31.

## II.     LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.  To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest."  *Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

As outlined below, Plaintiff submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities.  *See e.g.*, *Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against the defendants who failed to respond or appear in the case after the plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

### III.  ANALYSIS

The declarations and exhibits that Plaintiff submitted in support of its motion for preliminary injunction support the following conclusions of law:

A. Plaintiff has a substantial likelihood of success on the merits of its claims. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, offer for sale, or sale of products bearing and/or using infringing and counterfeit versions of the Chanel Trademarks, and that the Counterfeit Products that Defendants are selling and promoting for sale are unauthorized copies of Plaintiff's authentic Chanel Perfumes that bear and/or use infringing and counterfeit versions of the Chanel Trademarks.

B. Because of the infringement upon the Chanel Trademarks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Amended Complaint, the instant motion, and declarations and exhibits accompanying Plaintiff's Amended *Ex Parte* Application for Entry of Temporary Restraining Order, ECF No. 14, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

   i. Defendants own, operate, and/or control interactive e-commerce stores operating under the E-Commerce Store Names which advertise, promote, offer for sale, and/or sell counterfeit goods to consumers in the United States using or bearing infringing and/or counterfeit versions of the Chanel Trademarks;

   ii. There is good cause to believe that more counterfeit and infringing products using or bearing the Chanel Trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine

      products, damage to its reputation, a degradation of the goodwill associated with the Chanel Trademarks, and an unnatural erosion of the legitimate marketplace in which it operates.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded fragrance products through their e-commerce stores and freezing their ill-gotten profits if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill if such relief is not issued.

D. The public interest favors issuance of a preliminary injunction to prevent consumer confusion and dispel the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement, as well as to protect Plaintiff's legitimate trademark interests and protect the public from being defrauded by the palming off of counterfeit fragrance products as Plaintiff's authentic Chanel Perfumes.

E. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of fragrance products bearing and/or using infringing and/or counterfeit versions of the Chanel Trademarks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'" (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962)).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade*

*Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 26, be **GRANTED**. The undersigned further recommends that the preliminary injunction provide as follows:

1. Each Defendant, its officers, directors, agents, servants, employees, attorneys, subsidiaries, and distributors, and all persons in active concert or participation with them having notice of this Preliminary Injunction shall be preliminarily enjoined and restrained from:

    a. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the Chanel Trademarks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff;

    b. Secreting, concealing, destroying, selling off, transferring, or otherwise disposing of:

        i. Any products, not manufactured or distributed by the Plaintiff, bearing and/or using the Chanel Trademarks, or any confusingly similar trademarks;

        ii. Any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Chanel Trademarks, or any confusingly trademarks; or

7

      iii. Any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

  c. Using the Chanel Trademarks or any confusingly similar trademarks, on or in connection with all e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the E-commerce Store Names;

  d. Using the Chanel Trademarks, or any confusingly similar trademarks on e-commerce marketplace platforms, within domain name extensions, metatags or other markers within website source code, on any webpage (including as the title of any web page), in any advertising links to other websites, in any search engines' databases or cache memory, and in any other form of use of such terms which is visible to a computer user or serves to direct computer searches to e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the E-commerce Store Names; and

  e. Transferring ownership of the Internet based e-commerce stores under their E-Commerce Store Names.

2. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the E-commerce Store Names and shall take all steps necessary to retrieve computer files relating to the use of the E-commerce Store Names that may have been deleted before the entry of this Preliminary Injunction.

3. Upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of this Preliminary Injunction, including but not limited to

    Amazon.com, Inc., shall immediately, to the extent not already done, cease facilitating access during the pendency of this action, from the multiple platforms, which include, *inter alia,* a Direct platform, Group platform, Seller Product Management platform, Vendor Product Management platform, and Brand Registry platform, any and all listings and associated images of the fragrance products bearing and/or using counterfeits and/or infringements of the Chanel Trademarks via the e-commerce stores operating under the E-commerce Store Names, including but not limited to, the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" hereto, and any other listings and images of products bearing and/or using counterfeits and/or infringements of the Chanel Trademarks associated with any "parent" and "child" ASIN linked to the same sellers or linked to any other alias e-commerce store names being used and/or controlled by Defendants to offer for sale products bearing and/or using counterfeits and/or infringements of the Chanel Trademarks.

4. Upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of this Preliminary Injunction, including but not limited to Amazon.com, Inc., shall immediately, to the extent not already done, cease fulfillment of and sequester Defendants' inventory assets corresponding to the ASINs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during the pendency of this action.

5. Upon Plaintiff's request, Defendants and the authorized representative, officer, managing operators and/or administrators for any Internet marketplace website, including Amazon.com, Inc., e-commerce shipping partner, fulfillment center, warehouse, and/or storage facility who are provided with notice of this Preliminary Injunction, shall immediately, to the extent not already done, cease fulfillment of and sequester all goods of each Defendant bearing one or more of the Chanel Trademarks in its inventory, possession,

custody, or control, and hold such goods in trust for the Court during the pendency of this action, together with any and all documents, information, paper and/or electronic data, and/or other tangible items pertaining to all services provided to or on behalf of each Defendant.

6. Upon receiving notice of this Preliminary Injunction, any Internet marketplace website operators and/or administrators shall, at Plaintiff's request and to the extent not already done, delete and remove any Counterfeit Products from all E-Commerce Store Names owned and/or operated by Defendants.

7. Upon receiving notice of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms shall, to the extent not already done:

   a. Identify all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the E-Commerce Store Names, e-commerce store numbers, and/or infringing ASINs identified on Schedule A hereto, as well as any other related accounts of the same customer(s);

   b. Identify all other accounts which transfer funds into the same financial institution account(s), and/or any of the other financial accounts subject to this Order;

   c. Restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto;

   d. Divert those restrained funds to a holding account for the trust of the Court; and

   e. Provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all

funds transmitted into the financial account(s) and sub-account(s) which have been restrained.

8. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Preliminary Injunction shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court.

9. This Preliminary Injunction shall apply to the E-Commerce Store Names, associated e-commerce stores, and financial accounts, and any other e-commerce store names, or financial accounts which are being used by Defendants for the purpose of counterfeiting the Chanel Trademarks at issue in this action and/or unfairly competing with Plaintiff.

10. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), to pay for any damages to which Defendants may be entitled for a wrongful injunction or restrain, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

12. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the ecommerce stores, and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, shall, at Plaintiff's request and to

the extent not already done, provide Plaintiff's counsel with any email address known to be associated with Defendants' respective E-Commerce Store Names.

13. This Preliminary Injunction shall remain in effect during the pendency of this action or until such further date set by the Court.

14. This Preliminary Injunction shall no longer apply to any Defendants or associated e-commerce store name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

---

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge.  Accordingly, the parties shall have **until 5:00 p.m. on Monday, November 24, 2025** to file and serve any written objections to this Report and Recommendation.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 19th day of November 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record

## SCHEDULE A

| Defendant Number | Defendant / E-Commerce Store Name | Amazon E-Commerce Store Number | Infringing Product ASIN[4] |
|---|---|---|---|
| 1 | HAOOY | A3FWPZM6G0SNP | B00K0GISDU |
| 2 | WINHI | A2N1L2DZ5UG16J | B076NW69VV |
| 3 | *DISMISSED* | | |
| 4 | Yiquanzhi | A2163N25B515SN | B00BEG7IY0 |
| 5 | TwoTowers | AUORXYKY7VYWQ | 9790799829 |
| 6 | Qualis Bona | A2YPK50QUCE9PQ | B0D36519FH |
| 7 | ALYSHEV | A2PT6R43XZ00WI | B0D6NQVWV3 |

---

[4] The ASIN is a unique 10-digit alphanumeric identifier Amazon assigns to each product. Sellers can create a variational relationship between products with regard to name, size/count, color, style, scent, etc. *See* ECF No. 26 at 18 n.15. When doing so, the ASIN identified in the Product Information/ Description segments represents the core product and a different ASIN may be assigned based on variations thereof, as identified in the URLs. *Id.* The ASIN for the various fragrance products bearing the Chanel Trademarks were obtained from the Product Information/ Description segments of the infringing products, which are also found in the URLs of the infringing products, all of which are identified on Schedule A. *See id.*

13